Kyle T. Cutts (Cal. Bar No. 257641)
kcutts@bakerlaw.com
**BAKER & HOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.861.7576

Attorney for Defendant
MEDICAL EYE SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LEW, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA and MEDICAL EYE SERVICES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-532<br><br>**NOTICE OF REMOVAL**<br><br>State Court Action Filed: 12/13/2023 |

**TO THE CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Medical Eye Services, Inc. ("Defendant" or "MESVision"), by and through its undersigned counsel, hereby removes the above-captioned action currently pending in the Superior Court of the State of California in and for the County of Alameda County (the "State Court") to the United States District Court

for the Northern District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). In support of its Notice of Removal, Defendant states as follows:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court action was brought and is pending. Specifically, the United States District Court for the Northern District of California embraces Alameda County. Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL

3. In late May 2023, Progress Software Company ("PSC") discovered that an unauthorized threat actor exploited a previously unknown vulnerability in its file transfer software, MOVEit (the "MOVEit Incident"). As a result, the threat actor was able to access data from government, public, and private organizations worldwide. Within days of the MOVEit incident being announced, class action lawsuits began to be filed all over the country. Those suits named—in various combinations—not just

PSC, who owned and sold the software, but any identifiable downstream entity, including Defendant.

4. On or about December 13, 2023, Plaintiff filed a Complaint against MES Vision in the State Court, styled as *Patrick Lew v. California Physicians' Service d/b/a Blue Shield of California and Medical Eye Services, Inc.*, Case No. 23CV057175 (the "State Court Action"), a true and correct copy of which is attached hereto as **Exhibit A** (The "Complaint").

5. On December 29, 2023, Defendant was served with the Complaint and Summons in the State Court Action. Attached hereto, and incorporated herein as **Exhibit B**, is a true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action.

6. Following the MOVEit Incident, Defendant provided notice of the MOVEit Incident to individuals whose information was potentially impacted by the MOVEit Incident.

7. Plaintiff Patrick Lew ("Plaintiff") alleges that (1) he is a member of Blue Shield with health insurance benefits administered by MESVision, (2) that he received a letter informing him of the MOVEit incident, and (3) that he is now suffering stress related to the MOVEit incident. Ex. A, page 2, ¶¶ 96-98.[1]

---

[1] Defendant notes for the sake of clarity that Plaintiff's Complaint is misnumbered, and therefore Defendant will provide citations with both page numbers and paragraphs.

8. While Plaintiff did not include a copy of the letter he received with his Complaint, upon information and belief, Defendant assumes that Plaintiff is referring to the "Notice of Security Incident" posted by MESVision, which describes the MOVEit Incident.[2]

9. Plaintiff pleads six causes of action, alleging claims for (1) negligence; (2) violation of California Civil Code § 1798.100, *et seq.*; (3) violation of California Civil Code § 56, *et seq.*; (4) violation of California Civil Code § 1798.80, *et seq.*; (5) violation of California Civil Code § 17200, *et seq.*; and (6) invasion of privacy. *Id.* at pp. 13-26, ¶¶ 53-121. Plaintiff alleges that he now faces a "detrimental consequence" that is "long lasting and severe," whereby his personal information can be posted by cybercriminals on the "cyber black market" for years to come. *Id.* at p. 10-11, ¶¶ 43-44. At bottom, Plaintiff seeks to recover damages to redress a purportedly ***lifelong*** injury.

10. Plaintiff seeks an award of nominal and statutory damages, injunctive relief, interest, attorneys' fees, and all "further and other relief as may be just and proper." *Id.* at pp. 26-27, Prayer for Relief.

11. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as the Notice is being filed within 30 days of Defendant's receipt of a copy of the Summons and Complaint in the Action.

---

[2] https://www.mesvision.com/cdn/NoticeOfSecurityIncident.pdf?v=8f5aeaedd3c1352e5ecaa798d5a3ee32.

12. Defendant is informed and believes that these documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

13. Defendant California Physicians' Service d/b/a Blue Shield of California consents to this removal.

14. Defendant has not appeared in the State Court Action aside from filing the requisite notice of this Notice of Removal.

## CAFA JURISDICTION

15. Pursuant to CAFA, where the proposed class involves 100 or more members, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5). As set forth below, this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d) because (1) it is a civil action filed as a class action involving more than 100 putative class members; (2) the amount in controversy exceeds $5,000,000 based on the allegations that Plaintiffs set forth in the Complaint; and (3) minimal diversity exists between Plaintiff and Defendant.

## SIZE OF THE PUTATIVE CLASS

16. CAFA provides that the district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the

5

aggregate is less than 100." 28 U.S.C. § 1332(d)(5). Plaintiff alleges that the MOVEit-related incident at MESVision "exposed the PII and PHI information of over 600,000 individuals, including Blue Shield members and beneficiaries." Ex. A, p. 4, ¶ 107; *see also id.*, p. 11, ¶ 55 ("[T]he estimated number of class members is over 600,000."). Accordingly, per the allegations in the Complaint, the putative class size is well above 100.

## AMOUNT IN CONTROVERSY UNDER CAFA

17. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. Here, that amount is $5,000,000, in the aggregate. *See, e.g., Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). "Generally, the amount in controversy is to be decided from the complaint itself." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449 (S.D. Cal. 1995) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)). But, if a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

18. Plaintiff does not specifically allege an amount of damages or recoverable penalties in the Complaint, nor does he allege that the aggregate amount in controversy is less than $5,000,000. Therefore, MESVision "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 94 (2014) (holding defendants need not submit "evidence" establishing CAFA jurisdiction in their removal papers; rather, defendants only need to provide "a short and plain statement of the grounds for removal"); *see also Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FFMx), 2017 WL 4862067, at *2 (C.D. Cal. Oct. 26, 2017).

19. Without conceding that Plaintiff or the putative class members are entitled to or could recover damages in the amount or manner alleged, or at all, the amount in controversy in this putative class action conservatively exceeds $5,000,000.00, exclusive of interest and costs.

20. In Count III, Plaintiff alleges that he and the putative class members are entitled to "nominal statutory damages of $1,000" for MES Vision's "negligent release of their medical information in violation of Civil Code sections 56.35 and 56.101." Ex. A, p. 21, ¶ 95. Based on the size of the proposed class, plaintiff's claim for statutory damages of $1,000.00 per class member on its own far exceeds $5,000,000.00.

21. Plaintiff also seeks in Count III to recover actual damages, injunctive relief, attorney's fees, expenses, and costs against Defendant. Adding the other categories of damages sought by plaintiff, it is irrefutable that the amount in controversy exceeds $5,000,000.00.

## DIVERSITY OF CITIZENSHIP

22.  CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2) (emphasis added). Courts consider the citizenship of all putative class members—both named and unnamed. *See id.* § 1332(d)(1)(D) (emphasis added.). The citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986). In the Ninth Circuit, "[a] party's allegation of minimal diversity may be based on 'information and belief.' [citations omitted] The pleading 'need not contain evidentiary submissions.'" *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).

23.  <u>Plaintiff's Citizenship</u>: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id*.

24.  Here, Plaintiff alleges that he is "a resident of the San Francisco County." Ex. A at p. 2, ¶ 90. Plaintiff brings the Action on behalf of a "Class of

California citizens who are Blue Shield members and beneficiaries whose PII and PHI was in MESVision's electronic information systems and was compromised as a result of the [MOVEit incident.]" *Id.* at p. 11, ¶ 53. Plaintiff later avers that he and the Class Members are "current and former Blue Shield members and beneficiaries, who provided and entrusted their PII and PHI to Defendants." *Id.* at p. 4, ¶ 103.

25. <u>Defendant's Citizenship</u>. As alleged in the Complaint, MESVision is a California corporation with its headquarters located in Orange County, California.

26. Plaintiff's proposed class is expansive and its plain language includes both current California citizens and California citizens at the time of the MOVEit incident eight months ago but have since established citizenship elsewhere.

27. Plaintiff's proposed class definition also lacks any temporal scope. *See, e.g., Anderson v. Davis Wright Tremain LLP*, Case No. 3:20-cv-01194-AC, 2021 WL 7184127, at *11–13 (D. Ore. July 14, 2021) (declining to read a temporal limitation into class definition which stated, "Class Members are . . . Oregon citizen[s]" and noting that plaintiff's definition lacked a temporal term like "currently"); *Arbuckle Mt. Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 343 (5th Cir. 2016) (exercising CAFA jurisdiction because the class definition did not clearly limit class membership of gas and mineral "owners" to current, Texas citizens); *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1157 (11th Cir. 2021) ("But the definition does not limit the class to current Florida residents [or citizens] . . . Thus, the class definition on its face encompasses class members who currently reside in Florida

9

facilities [and are citizens of Florida] and those who resided in facilities [and were citizens of Florida] during the relevant four-year period, but have since moved to another state . . . [C]itizenship for purposes of CAFA jurisdiction is based on current residency and an intent to remain."). Thus, the proposed class includes former California citizens who are now citizens of another state for purposes of CAFA minimal diversity.

28. Further, while Plaintiffs have the right to define their putative class, they may not "tailor a suit (or a series of suits) to avoid federal jurisdiction." *Simon v. Marriott Int'l, Inc.*, No. PWG-19-1702, 2019 WL 4573415, at *4 (D. Md. Sept. 20, 2019) (analyzing CAFA's requirements for diversity jurisdiction). This principle was recognized in *Marriott*, where the court reasoned that because the "primary objective of an MDL is to 'promote the just and efficient conduct of . . . actions," granting remand would run contrary to the MDL's goals of "streamlining the litigation process and encouraging settlement." *Id.* (omission in original) (citations omitted).

29. *Sanders v. Kia Am. Inc.*, No. 823CV00486JVSKESX, 2023 WL 3974966 (C.D. Cal. June 13, 2023) involved a virtually identical issue. The *Sanders* court relied on *Marriott*, among other decisions, in holding that minimal diversity exists over an action where the multidistrict litigation putative subclass subsumed the named plaintiffs. *Id.* at *4.

30. The reasoning of *Marriott* and *Sanders* applies with equal force here. On July 6, 2023, an application was filed with the United States Judicial Panel on

Multidistrict Litigation ("JPML") to consolidate numerous federal court actions against PSC arising out of the same MOVEit incident at issue in the Complaint. *See In re: MOVEit Customer Data Security Breach Litigation*, MDL No. 3083, Dkt. No. 1 (J.P.M.L.).

31. On October 4, 2023, the JPML issued a transfer order centralizing federal actions involving the MOVEit incident in the District of Massachusetts (the "MDL"), before the Honorable Allison Burroughs. *Id.* at Dkt. No. 312. Judge Burroughs has since held hearings, issued multiple orders, selected plaintiff leadership, and is in the process of setting a case management schedule that includes carefully established deadlines for discovery, motion practice, and other matters.

32. Despite the ongoing MDL designed to efficiently coordinate the hundreds of actions related to the MOVEit Incident, Plaintiff filed this action in California state court, bringing claims for damages as a result of the MOVEit Incident that are virtually indistinguishable from those already pending in the MDL.

33. For instance, on November 29, 2023, a putative class action was filed against MESVision in the United States District Court for the District of Massachusetts. *See Sheets, et al. v. Medical Eye Services, Inc., et al.,* No. 1:23-cv-12892 (D. Mass.). That action has been transferred into the MDL and is currently pending before Judge Burroughs.

34. Both Plaintiff Sheets and Plaintiff Lew allege that MESVision failed to "adequately protect the PII" of putative class members. *Sheets* at ¶ 9; *Lew* at ¶ 28.

They both assert that MESVision failed to implement and maintain reasonable security to prevent the MOVEit Incident. *Id.* at ¶ 167; *id.* at ¶ 34. They both claim that MESVision failed to timely notify them of the MOVEit Incident. *Id.* at ¶188; *id.* at ¶ 61. They both allege current and ongoing harms directly related to these alleged failures on the part of MESVision. *Id.* at ¶ 206; *id.* at ¶ 103. And both bring claims of negligence based on these similar underlying factual support. *Id.* at ¶¶ 174-210; *id.* at ¶¶ 53-66.

35.   In addition to the *Sheets* matter, there are numerous other cases pending in the MDL of which Plaintiff is a putative class member, specifically cases already seeking to represent "Nationwide" classes and "California subclasses" of those impacted by the MOVEit Incident. *See e.g., Cheng v. Pension Benefit Info., LLC et al.*, Case No. 1:23-cv-12474-ADB (D. Mass.); *Landis et al v. Progress Software Corp., et al.*, Case No. 1:23-cv-12472-ADB (D. Mass.); *Taylor et al. v. Pension Benefit Info., LLC et al*, Case No. 1:12-cv-12477-ADB (D. Mass.).

36.   The rejection of the litigation strategy at issue here has been noted and rejected not just in case law, but also in the class action treatise, *Expanded federal court jurisdiction over multistate actions*, 2 McLaughlin on Class Actions § 12:6 (20th ed.) (Oct. 2023 Update):

> The plaintiff generally can avoid CAFA jurisdiction by geographically circumscribing the definition of the proposed class to citizens of a single state. **The district court may look beyond the class definition, however, where the plaintiff seeks to pursue a lawsuit in state court consisting of claims that already are included in a CAFA suit already pending in**

*federal court.* (Emphasis added.)

37. Because that is the scenario here, it is proper for the Court to look beyond the class definition for minimal diversity. Plaintiff is already subsumed within the earlier filed putative class actions currently pending in the MDL, and thus "cannot simply evade federal jurisdiction by defining the putative class on a state-by-state basis, and then proceed to file virtually identical class action complaints in various state courts. Such conduct is precisely what the CAFA legislation was intended to eradicate." *Brook v. UnitedHealth Grp. Inc.*, No. 06 CV 12954 (GBD), 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007).

38. Because Plaintiff's Complaint attempts to skirt federal jurisdiction and CAFA's efficiency goals in order to divest the Court of jurisdiction over class members whose claims are properly before the MDL, the Court has authority to maintain its existing jurisdiction.

## NOTICE

39. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiffs and is filing a copy of this Notice of Removal with the Clerk of the Alameda County Superior Court.

Dated: January 29, 2024

**BAKER & HOSTETLER LLP**

By: */s/ Kyle T. Cutts*

*Attorney for Defendant*